# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:11cr22-11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LARRY MICHAEL WATKINS. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 214], filed March 9, 2012.

## I.  PROCEDURAL BACKGROUND

On September 20, 2011, the Defendant was charged, along with ten co-defendants, with one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 74]. The Bill of Indictment includes a Notice of Forfeiture and Finding of Probable Cause by the grand jury, providing that the Government intended to seek forfeiture of all property used to or intended to be used to facilitate the charged violation, all proceeds thereof, and any substitute property, including $3,856.00 in United States Currency and real property located at 140 Sherrill Road, Bryson City, North Carolina. [Id. at 2-3].

On December 12, 2011, the parties filed a Plea Agreement in which the Defendant agreed to enter a voluntary plea of guilty to Count One as set forth in the Bill of Indictment and further agreed to forfeit his interest in the above-referenced property. [Doc. 146 at 1, 3]. The Court accepted the Defendant's guilty plea on January 10, 2012. [Doc. 165].

The Government now moves for the entry of a preliminary order of forfeiture. [Doc. 214]. The Defendant has not filed any opposition to the Government's Motion.

II. **ANALYSIS**

Before entering a preliminary order of forfeiture, the Court must determine whether the "requisite nexus" exists between the property to be seized and the offense of conviction. Fed. R. Crim. P. 32.2(b)(1)(A). The Government bears the burden of proving nexus by a preponderance of the evidence. See United States v. McHan, 345 F.3d 262, 268 (4th Cir. 2003).

In the present case, the Government relies upon the Bill of Indictment, the Plea Agreement, and the Defendant's guilty plea in order to establish nexus. Nothing in these pleadings or in the Defendant's plea, however, establishes the requisite connection between the specific property to be forfeited and the Defendant's offense of conviction. Merely obtaining the

Defendant's consent to forfeiture of his interest in certain property is not sufficient to carry the Government's burden.  See, e.g., Libretti v. United States, 516 U.S. 29, 43, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) (noting that a district court is not required to "simply accept a defendant's agreement to forfeit property, particularly when that agreement is not accompanied by a stipulation of facts supporting forfeiture, or when the trial judge for other reasons finds the agreement problematic").  Here, the Government has not offered any stipulation of facts to support the proposed forfeiture of the above-referenced property, beyond the Defendant's agreement to forfeit his interest therein.  Because the Defendant's consent alone does not establish the requisite nexus, the Government's motion for a preliminary order of forfeiture will be denied without prejudice.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 214] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: April 17, 2012

Martin Reidinger
United States District Judge