# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:11cr22-11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LARRY MICHAEL WATKINS. ) | |

**THIS MATTER** is before the Court on the Government's Motion for Reconsideration of Denial of Preliminary Order of Forfeiture [Doc. 268], filed August 2, 2012.

## I. PROCEDURAL BACKGROUND

On September 20, 2011, the Defendant was charged, along with ten co-defendants, with one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 74]. The Bill of Indictment includes a Notice of Forfeiture and Finding of Probable Cause by the grand jury, providing that the Government intended to seek forfeiture of all property used to or intended to be used to facilitate the charged violation, all proceeds thereof, and any substitute property, including $3,856.00 in United States Currency and real property

located at 140 Sherrill Road, Bryson City, North Carolina ("Sherrill Road property"). [Id. at 2-3].

On December 12, 2011, the parties filed a Plea Agreement in which the Defendant agreed to enter a voluntary plea of guilty and to forfeit his interest in the property referenced in the Bill of Indictment. [Doc. 146 at 1, 3]. The Defendant specifically stipulated that he "has or had a possessory interest or other legal interest in each item or property" listed in the Bill of Indictment. [Id. at 3]. The Court accepted the Defendant's guilty plea on January 10, 2012. [Doc. 165].

On March 9, 2012, the Government moved for the entry of a Preliminary Order of Forfeiture, citing the allegations of the Bill of Indictment, the stipulations set forth in the Plea Agreement, and the Defendant's plea of guilty and consent to the proposed forfeiture. [Doc. 214]. On April 17, 2012, the Court denied the Government's Motion without prejudice, concluding that "the Defendant's consent alone does not establish the requisite nexus" between the property to be seized and the offense of conviction. [Doc. 220 at 3].

On June 11, 2012, the Government renewed its Motion for a Preliminary Order of Forfeiture. [Doc. 262]. In support of its renewed motion, the Government submitted the Affidavit of Dan Guzzo, a Special Agent with the

Drug Enforcement Administration. [Doc. 262-1]. While the Court found that Special Agent Guzzo's Affidavit provided a sufficient factual basis for the finding that the Sherrill Road property was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation" within the meaning of 21 U.S.C. § 853(a)(2), the Court concluded that the Government had failed to establish that the Sherrill Road property was the *Defendant's* property as required by 21 U.S.C. § 853(a)(2) and therefore denied the Government's Motion for Preliminary Order of Forfeiture again without prejudice. [Doc. 266].

On August 2, 2012, the Government filed the present motion, seeking reconsideration of the Court's Order denying the Government's request for a preliminary order of forfeiture. [Doc. 268].

## II. ANALYSIS

At the outset, the Government contends that it is not obligated to offer any evidence of the Defendant's interest in the property in order to obtain a preliminary order of forfeiture and that it was sufficient for the Government to establish that the subject property was used to facilitate the underlying offense. [Doc. 268 at 1-2]. The Government's contention is incorrect. In order to establish its entitlement to forfeiture of the Sherrill Road property, the

3

Government must establish that the property constitutes "*any of the person's property* used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a)(2). Because the Government failed to offer any evidence to demonstrate that the subject property was in fact the *Defendant's property*, the request for a preliminary order of forfeiture was properly denied.

The Government now has submitted a copy of a deed filed in Swain County, North Carolina[1] on February 18, 2005, showing that the Defendant was the record owner of the subject property. [Doc. 268-1]. The Court finds that this deed provides a sufficient factual basis for the Court to find that the Defendant had some interest in the Sherrill Road property, which interest constitutes "the [Defendant's] property" as required by 21 U.S.C. § 853(a)(2). Based upon this evidence, as well as Special Agent Guzzo's Affidavit regarding the issue of nexus, the Court concludes that the Sherrill Road property is subject to forfeiture pursuant to 21 U.S.C. § 853(a)(2); that the

---

[1]The Government incorrectly asserts that the deed was recorded in Haywood County, North Carolina, but the document reflects its recordation in Swain County. Since the property address is in Bryson City, which is in Swain County, if the Government were correct that the deed had been recorded in Haywood County, then the Government's entitlement to the entry of this Order would be subject to question. See N.C. Gen. Stat. § 47-18(a).

Government has established the requisite nexus between such property and such violation; and that the Defendant has or had an interest in the property.

III. **CONCLUSION**

Accordingly, **IT IS, THEREFORE, ORDERED:**

1. The Government's Motion for Reconsideration of Denial of Preliminary Order of Forfeiture [Doc. 268] is **GRANTED**, and the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

> **Real property located at 140 Sherrill Road, Bryson City, Swain County, North Carolina, as more particularly described in a deed recorded at book 00302, page 0292, in the Swain County, North Carolina, public registry.**

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall post on an official government internet site (www.forfeiture.gov), for at least thirty (30)

consecutive days, notice of this Order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in an ancillary proceeding.

4. Any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property may, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the Order of Forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. §§ 853(n)(2) and (3).

5. After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules

of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents, and to issue subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7. This Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

8. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED.**

Signed: August 27, 2012

Martin Reidinger
United States District Judge