# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CRIMINAL CASE NO. 2:11-cr-00022-10

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **FINAL** |
| vs. ) | **ORDER OF FORFEITURE** |
| ) | |
| **MICHAEL JAMES TAYLOR,** ) | |
| ) | |
| **Defendant.** ) | |

_____

On October 3, 2013, this Court entered a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b), based upon the Defendant's plea of guilty to Count One of the Bill of Indictment. In Count One, the Defendant was charged with knowingly and intentionally combining, conspiring, confederating, and agreeing with other co-defendants, and others, to possess with intent to distribute a quantity of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 278]. That Preliminary Order identified three parcels of real property that the Government had sought to forfeit. [Id.].

From October 12, 2012 through November 10, 2012, the United States posted on an official government internet site (www.forfeiture.gov),

for at least 30 consecutive days, notice of this forfeiture and of the intent of the United States to dispose of the forfeited property in accordance with law, and further notifying all third parties of their right to petition the Court within thirty days for a hearing to adjudicate the validity of any alleged legal interest in the property.

On November 5, 2012, Petitioner Paula V. Wilson (Wilson) filed a Petition as the holder of a Promissory Note secured by a deed of trust on one of the three parcels of real property identified in the Preliminary Order, that being the real property located at 2444 U.S. Highway 441 South (the Motel Property). [Doc. 288].

The matter of the Wilson's Petition was brought on for hearing on February 7, 2013. When the matter was called the parties announced that the issues set out in the claim and Petition of Wilson had been resolved. The parties tendered to the Court a Settlement Agreement setting out the terms of their agreement, and the Court then conducted a lengthy colloquy with counsel regarding the resolution of the issues that were scheduled to be heard and disposed of on that date. The United States has also filed that Settlement Agreement. [Doc. 326].

Based upon the representations of the parties and their agreement as announced to the Court, the Court makes the following findings and

conclusions. The deed of trust on the Motel Property is valid and secures the payment on the Promissory Note held by Wilson. That deed of trust is and constitutes a valid lien on the Motel Property, which lien is an interest in the real property that is owned by Wilson. Wilson's interest in the Motel Property is not subject to forfeiture by the Government as it constitutes "a legal right, title, or interest in the property" which "was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). The Preliminary Order of Forfeiture therefore must be amended to delete therefrom the interest in the Motel Property that is held by Wilson. The parties have entered into a settlement agreement that is a valid agreement as to the manner in which the parties will proceed to seek to sell the Motel Property (both the Taylor interest forfeited to the Government and the Wilson interest) and distribute the proceeds thereof.

It appears from the record that no other party has filed a Petition with regard to any property identified in the Preliminary Order.

**IT IS, THEREFORE, ORDERED** that in accordance with Rule 32.2(c)(2), the Preliminary Order of Forfeiture is confirmed as final as to the following two properties. All right, title, and interest in **said properties**,

whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law:

> **Real property located at 135 Long Street, Waynesville, Haywood County, North Carolina, as more particularly described in a deed recorded at book 795, page 673, in the Haywood County, North Carolina, public registry; and**

> **Real property located at 19 Pine Street. Greenville, Greenville County, South Carolina, as more particularly described in a deed recorded at book 2389, page 2995, in the Greenville County, South Carolina, public registry.**

**IT IS FURTHER ORDERED** that in accordance with Rule 32.2(c)(2), the Preliminary Order of Forfeiture is confirmed as to the following property as it pertains to the interest therein of Defendant Taylor, and all right, title, and interest in **said property**, whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law, with the exception that the interest of Petitioner Paula V. Wilson is confirmed and said interest of Petitioner Paula V. Wilson is hereby removed from the Preliminary Order of Forfeiture:

> **Real property listed at 2444 U.S. Highway 441 South, Sylva, Jackson County, North Carolina, as more particularly described in a deed recorded at book 1869, page 559, in the Jackson County, North Carolina, public registry.**

**IT IS SO ORDERED.**

Signed: February 22, 2013

Martin Reidinger
United States District Judge